IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SENTARIES R. FARMER,

     Plaintiff,

v.

C/O RICHARDS, C/O WALKER, C/O
REED, and LT. MARVIN,

     Defendants.

Case No. 26-cv-43-RJD

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Sentaries R. Farmer, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Shawnee Correctional Center. In the Complaint, Farmer alleges that Defendants failed to protect him in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and the medical providers, to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these entities.

1

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

On September 5, 2024, Farmer and his cellmate got into a physical altercation resulting in the issuance of a disciplinary ticket for assault of an individual in custody (Doc. 1, p. 6). Farmer maintains that he should not have received this specific charge because he was engaged in a fight, not an assault (*Id*.). As a result of the charge, he was placed in segregation.

On December 16, 2024, Farmer was going to the segregation yard when he realized that his former cellmate was also going to yard (Doc. 1, p. 6). Farmer informed Correctional Officer ("C/O") Walker that his former cellmate was being placed in the yard with him despite the two having previously engaged in a fight (*Id*.). Walker informed Farmer that he should proceed to the yard and the officers would place him on the opposite side, away from his former cellmate. But when Farmer arrived at the yard, he was placed on the same side as his cellmate (*Id*.). Farmer informed C/O Richards and the other correctional officers that he could not be placed in the same area as his cellmate (*Id*.). He noted that both he and his former cellmate had a Keep Separate From ("KSF") order for each other. But the officers ignored his warnings and another physical altercation occurred with his former cellmate (*Id*. at p. 7).

Farmer further alleges that C/O Reed and Lieutenant ("Lt.") Marvin punished him for the altercation despite knowing that the altercation would not have occurred if

the officers had properly kept Farmer and his former cellmate away from each other (Doc. 1, p. 7).

## Preliminary Dismissals

Farmer alleges that C/O Reed and Lt. Marvin gave him an unfair punishment for the altercation on the yard. He alleges the altercation would not have occurred if officials followed proper procedures (Doc. 1, p. 7). But other than alleging that he received a punishment for the altercation, Farmer fails to allege anything about the discipline he received or the disciplinary process. In order to state a due process claim, an inmate must allege "(1) a constitutionally protected liberty interest and (2) deficient procedures attendant to the deprivation of that interest." *Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024). An inmate's liberty interests are protected by the Due Process Clause only insofar as a deprivation of the interest at issue would impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Farmer fails to provide any allegations regarding the discipline he received and the Court is unable to determine from his limited allegations whether he has alleged that his due process rights were violated by any defendant. Thus, any potential claim against C/O Reed and Lt. Marvin is **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Complaint, the Court designates the following count:

> **Count 1:** **Eighth Amendment claim against C/O Walker and C/O Richards for failing to protect Farmer from an altercation with his former cellmate on the yard.**

3

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

In order to state a failure to protect claim, a plaintiff must allege that "he was incarcerated under conditions posing a substantial risk of serious harm and…the defendants acted with deliberate indifference to his health or safety." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (quotations omitted). A plaintiff must show that prison officials were aware of a specific, impending, and substantial threat to their safety, often by showing "that he complained to prison officials about a specific threat to his safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

Here, Farmer alleges that he informed C/O Walker and C/O Richards that he could not be in the same yard as his former cellmate and that the two had a KSF designation. He also alleges that he not only told the officers of the threat posed by placing his former cellmate near him, but that the records had a KSF designation next to each inmate. *See Miller v. Fisher*, 219 F. App'x 529, 532 (7th Cir. 2007) (plaintiff adequately alleged that defendants were aware of the substantial risk of serious harm because he

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

informed them of the risk and because "they knew of the KSF order, itself a statement of the risk"). At this early stage, Farmer states a viable claim for failure to protect.

**<u>Disposition</u>**

For the reasons stated above, Count 1 shall proceed against C/O Walker and C/O Richards. All other claims and defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for C/O Walker and C/O Richards: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Farmer. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Farmer, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

5

**Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Farmer, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Farmer is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 6/17/2026**

**REONA J. DALY**
**United States Magistrate Judge**

<u>**Notice to Plaintiff**</u>

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the

defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**